UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DASHONE DUNLAP, ) | |
| SAYEQUEE HALE, ) | |
| MARCUS JACKSON ) | CASE NO.: |
| M.D., through his mother Shawnee Wilson, ) | |
| c/o Plaintiff's Counsel ) | |
| David B. Malik ) | JUDGE: |
| 8437 Mayfield Road, Suite #101 ) | |
| Chesterland, Ohio 44026 ) | |
| ) | **AMENDED COMPLAINT AND JURY** |
| Plaintiffs, ) | **DEMAND REQUESTED** |
| ) | |
| v. ) | |
| ) | |
| CUYAHOGA COUNTY ) | |
| The Justice Center ) | |
| 1219 Ontario Street ) | |
| Cleveland, Ohio 44113 ) | |
| ) | |
| and ) | |
| ) | |
| CUYAHOGA COUNTY SHERIFF ) | |
| CLIFFORD PINKNEY ) | |
| The Justice Center ) | |
| 1219 Ontario Street ) | |
| Cleveland, Ohio 44113 ) | |
| ) | |
| and ) | |
| ) | |
| FREDDIE HODGES ) | |
| Individually and in his Official Capacity as ) | |
| Detention Officer in the Cuyahoga County ) | |
| Juvenile Detention Center, ) | |
| c/o CUYAHOGA COUNTY JUVENILE ) | |
| DETENTION CENTER ) | |
| 9300 Quincy Avenue ) | |
| Cleveland, OH 44106 ) | |
| ) | |
| and ) | |
| ) | |
| JOSHUA ZIMMERMAN ) | |
| ) | |
| ) | |

1

| | |
|---|---|
| Individually and in his Official Capacity as | ) |
| Detention Officer in the Cuyahoga County | ) |
| Juvenile Detention Center, | ) |
| c/o CUYAHOGA COUNTY JUVENILE | ) |
| DETENTION CENTER | ) |
| 9300 Quincy Avenue | ) |
| Cleveland, OH 44106 | ) |
| | ) |
| and | ) |
| JOHN DOE #1 | ) |
| Individually and in his Official Capacity as | ) |
| Detention Officer in the Cuyahoga County | ) |
| Juvenile Detention Center, | ) |
| c/o CUYAHOGA COUNTY JUVENILE | ) |
| DETENTION CENTER | ) |
| 9300 Quincy Avenue | ) |
| Cleveland, OH 44106 | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOE #2 | ) |
| Individually and in his Official Capacity as | ) |
| Detention Officer in the Cuyahoga County | ) |
| Juvenile Detention Center, | ) |
| c/o CUYAHOGA COUNTY JUVENILE | ) |
| DETENTION CENTER | ) |
| 9300 Quincy Avenue | ) |
| Cleveland, OH 44106 | ) |
| | ) |
| and | ) |
| | ) |
| JOHN AND JANE DOES #3-7 | ) |
| Individually and in their Official Capacity | ) |
| as Detention Officers in the Cuyahoga | ) |
| County Juvenile Detention Center, | ) |
| c/o CUYAHOGA COUNTY JUVENILE | ) |
| DETENTION CENTER | ) |
| 9300 Quincy Avenue | ) |
| Cleveland, OH 44106 | ) |
| | ) |
| and | ) |
| | ) |
| JOHN AND JANE DOES #8-12 | ) |
| Individually and in their Official Capacity | ) |
| as Medical Staff in the Cuyahoga County | ) |
| Juvenile Detention Center, | ) |

| | |
|---|---|
| c/o CUYAHOGA COUNTY JUVENILE | ) |
| DETENTION CENTER | ) |
| 9300 Quincy Avenue | ) |
| Cleveland, OH 44106 | ) |
| | ) |
| Defendants. | ) |
| | ) |

## I. PRELIMINARY STATEMENT

1. This Complaint challenges and alleges acts that constitute the failure of various Cuyahoga County Juvenile Detention Center ("CCJDC") staff to protect Plaintiffs DaShone Dunlap, SayeQuee Hale, Marcus Jackson, and M.D. from violations of their inherent constitutional rights. Plaintiffs were repeatedly forced by Defendants Hodges and Zimmerman to participate in brutal fights against each other and other juveniles in what was referred to by Defendants as "fight night". This horrific tradition and custom was started, practiced, and encouraged by Defendants as a means of entertainment.

## II. JURISDICTION

2. Jurisdiction over claims brought under the Civil Rights Act of 1871 is conferred on this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4). Jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367. Venue is proper in this division.

## III. PARTIES

3. Plaintiff DaShone Dunlap is a resident of Cuyahoga County and was in the CCJDC during all times relevant to this action. He brings this action on his own behalf for damages resulting from the violation of rights secured by the United States Constitution and violations of laws of the state of Ohio.

4. Plaintiff Saye Quee Hale is a resident of Cuyahoga County and was in the CCJDC during all times relevant to this action. He brings this action on his own behalf for damages

resulting from the violation of rights secured by the United States Constitution and violations of laws of the state of Ohio.

5. Plaintiff Marcus Jackson is a resident of Cuyahoga County and was in the CCJDC during all times relevant to this action. He brings this action on his own behalf for damages resulting from the violation of rights secured by the United States Constitution and violations of laws of the state of Ohio.

6. Plaintiff M.D., through his mother Shawnee Wilson, is a resident of Cuyahoga County and was in the CCJDC during all times relevant to this action. He brings this action through his mother for damages resulting from the violation of rights secured by the United States Constitution and violations of laws of the state of Ohio.

7. Defendant Cuyahoga County is a unit of local government organized under the laws of the State of Ohio. Defendant Cuyahoga County is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

8. Defendant Sheriff Clifford Pinkey is and was at all times relevant to this action the Sheriff of Cuyahoga County, Ohio. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his official capacity.

9. Defendant Freddie Hodges was at all times relevant to this action a Detention Officer (DO), employed in the CCJDC. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity.

10. Defendant Joshua Zimmerman was at all times relevant to this action a Detention Officer (DO), employed in the CCJDC. Defendant is a "person" under 42 U.S.C. §

1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity.

11. Defendant John Doe #1 was at all times relevant to this action a Detention Officer (DO), employed in the CCJDC. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity.

12. Defendant John Doe #2 was at all times relevant to this action a Detention Officer (DO), employed in the CCJDC. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity.

13. Defendants John and Jane Does #3-7 were at all times relevant to this action Detention Officers (DOs), employed in the CCJDC. Defendants are each a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity.

14. Defendants John and Jane Does #8-12 were at all times relevant to this action Medical Staff employed in the CCJDC. Defendants are each a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued in his individual and official capacity.

## IV. FACTS

### A. Plaintiffs are introduced to fight night in the CCJDC.

15. In 2016, Plaintiffs were juveniles being housed in the CCJDC.

16. During this time, Plaintiffs became familiar with the term fight night.

17. Defendants Hodges and Zimmermann first explained to Plaintiffs that fight night was a

long-standing tradition in CCJDC.

18. Defendants Hodges and Zimmermann even bragged about the good old days when nurses assisted in the cover up of fight nights by providing covert medical assistance.

19. Defendants Hodges and Zimmermann then explained to Plaintiffs that now they have to rely on the "shower method" to rinse away the blood on the bodies and faces of the injured juveniles.

20. Defendant Hodges did, however, suggest that the Plaintiffs not hit one another in the face because of the obvious evidence that could be left behind.

21. Defendants Hodges, Zimmermann, John Doe #1, John Doe #2, and John and Jane Does #3-12 all knew about fight night and either actively participated or acted in concert by remaining silent and not reporting this unconstitutional conduct.

22. All of the "black shirts" in CCJDC knew about fight nigh and either actively participated or acted in concert by remaining silent and not reporting this unconstitutional conduct.

23. Fight night usually happened on Friday nights and involved DOs in the CCJDC pitting juveniles against one another and forcing them to engage in bloody and brutal brawls.

24. If a juvenile refused, DOs in the CCJDC forced the biggest and toughest juvenile to fight the frightened juvenile who refused.

25. Defendants Hodges, Zimmermann, John Doe #1, John Doe #2, and John and Jane Does #3-12 knew there was a substantial risk of harm to Plaintiffs in allowing fight night and they consciously disregarded that risk of harm to Plaintiffs and other juveniles.

26. Defendants failed to protect Plaintiffs and other juveniles from a substantial risk of harm.

27. In 2016, prior to the September 16, 2016 incident, Plaintiffs were let out of their cells and forced to brutally fight one another on at least seven different incidents: July 22, 2016;

6

July 29, 2016; August 5, 2016; August 12, 2016; August 19, 2016; August 26, 2016; September 2, 2016.

### B. The September 16, 2016 fight night is caught on video in the CCJDC

28. On September 16, 2016, fight night began in the common area of the CCJDC that Defendants Hodges and Zimmermann were assigned to supervise.

29. Plaintiffs were assaulted and injured during the September 16, 2016 fight night.

30. Juveniles including Plaintiffs were put into a room and forced to fight while Defendant Hodges stood Outside the door and watched.

31. Defendant Zimmermann sat at a card table in the common area and watched as Defendant Hodges sanctioned and facilitated the fights.

32. An inmate who was confined to his room earlier in the day was let out of confinement by Defendant Hodges and encourage by Defendants Hodges and Zimmermann to participate in fight night.

33. This inmate then walked downstairs to the water fountain and viciously attacked Plaintiff Jackson while Defendants Hodges, Zimmermann, and other Defendants stood by and watched the attack.

34. Defendant Hodges, Defendant Zimmermann, and Defendant Does #1-12 encouraged, allowed, observed, and/or completely ignored and failed to report that juveniles were being forced to fight one another.

35. Several different brutal fights were facilitated and encouraged by Defendants on September 16, 2016 which resulted in severe and permanent psychological and physical injuries to Plaintiffs and other juveniles in the CCJDC.

36. Defendants John Doe #1, John Doe #2, and John and Jane Does #3-12 either actively

7

participated in this fight night or acted in concert by remaining silent and not reporting this unconstitutional conduct.

### **C. Knowledge of Defendants and Culpable Conduct**

37. Defendants are legally responsible, in whole or in part, for the day to day operation of CCJDC and for the protection, health, and safety of the youth confined and in custody at CCJDC.

38. Defendants are responsible for the administration of juvenile justice within the CCJDC.

39. Defendants have a duty to operate CCJDC in a manner consistent with state and federal law such that its management and operation does not infringe upon state and federal law and protections applicable to juveniles confined to and in custody of CCJDC.

40. Each of the Defendants had actual or constructive knowledge or should have had such knowledge of the conditions, policies and practices which led to the injuries of the Plaintiffs.

### **VI. FIRST CAUSE OF ACTION – 42 U.S.C. §1983**

41. Defendants have, under color of state law, deprived Plaintiffs of rights, privileges and immunities secured by the United States Constitution, including but not limited to the Eighth and Fourteenth Amendments and the right to be free from cruel and unusual punishment as well as the right to be protected from serious physical and emotional harm while in the custody and control of CCJDC and its staff.

42. Defendants Hodges, Zimmermann, John Doe #1, John Doe #2, and John and Jane Does #3-12 knew that fight night created a substantial risk of harm to Plaintiffs and other juveniles and these Defendants consciously disregarded that risk.

**43.** Defendants Hodges, Zimmermann, John Doe #1, John Doe #2, and John and Jane Does

8

#3-12 knew that fight night created a substantial risk of harm to Plaintiffs specifically and personally.

44. Defendants Hodges, Zimmermann, John Doe #1, John Doe #2, and John and Jane Does #3-12 also knew that fight night created a substantial risk of harm in general due to being incarcerated under these conditions that create a substantial risk of harm to Plaintiffs and other juvenile.

45. As a direct and proximate result of these Defendants' conduct, Plaintiffs suffered permanent injuries including but not limited to a severe and permanent physical, psychological, and emotional distress.

46. The adults who were supposed to be protecting them were purposefully putting them at a substantial risk of harm.

## VII. SECOND CAUSE OF ACTION – CIVIL CLAIM FOR CONSPIRACY UNDER 42 U.S.C. § 1983

47. Defendants Hodges, Zimmermann, John Doe #1, John Doe #2, and John and Jane Does #3-12, through concerted action, by plan, and with a conspiratorial objective, have deprived and continue to deprive Plaintiffs of their constitutional rights. Overt acts by these Defendants include participation and observation of fight night and a complete failure to stop the unconstitutional conduct and also a complete failure to remain silent about and not report this unconstitutional conduct.

48. These Defendants' actions and conduct have resulted in severe and permanent physical, psychological, and emotion harm to Plaintiffs.

## VIII. THIRD CAUSE OF ACTION – CLAIM FOR CIVIL CONSPIRACY UNDER OHIO LAW

49. Defendants Hodges, Zimmermann, John Doe #1, John Doe #2, and John and Jane Does #3-12 who participated in fight night and/or who knew about fight night are engaged in a conspiracy under Ohio Law. They have acted maliciously and in concert to injure Plaintiffs. Each of these Defendants acted in concert by failing to prevent this unconstitutional conduct, despite a duty to do so. Each of these Defendants acted in concert by failing to report this unconstitutional conduct, despite a duty to do so.

50. These Defendants' actions and conduct have resulted in severe and permanent physical, psychological, and emotion harm to Plaintiffs.

## IX. FOURTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

51. The misconduct alleged herein against Defendants Hodges, Zimmermann, John Doe #1, John Doe #2, and John and Jane Does #3-12 demonstrates an outrageous indifference and abuse of power and authority.

52. This misconduct was done with intent or knowledge that there was a high probability that such conduct would lead to the infliction of severe emotional distress and was done with reckless disregard of that probability.

53. These Defendants' acts were so extreme and outrageous as to go beyond all possible bounds of decency and were utterly intolerable in a civilized community, especially in light of the fact Plaintiffs were within the exclusive custody and control of CCJDC and its staff and were being harmed by the people that were supposed to protect them.

54. These Defendants' acts were the proximate cause of Plaintiffs' injuries which resulted in him suffering distress that no reasonable person could be expected to endure.

55. All of this misconduct described was done willfully, wantonly, recklessly and or maliciously

56. These Defendants' actions and conduct are the proximate cause of Plaintiffs' severe and permanent physical, psychological, and emotion harm.

### X. FIFTH CAUSE OF ACTION – NEGLIGENT HIRING, RETENTION, AND SUPERVISION

57. There is an employment relationship between Defendant Cuyahoga County and Defendant Pinkney and Defendants Hodges, Zimmermann, John Doe #1, John Doe #2, and John and Jane Does #3-12.

58. At all times relevant, Defendants Hodges, Zimmermann, John Doe #1, John Doe #2, and John and Jane Does #3-12 were incompetent.

59. Defendants Cuyahoga County and Pinkney had constructive knowledge of the incompetence of Defendants Hodges, Zimmermann, John Doe #1, John Doe #2, and John and Jane Does #3-12.

60. The acts and omissions of Defendants Hodges, Zimmermann, John Doe #1, John Doe #2, and John and Jane Does #3-12 were foreseeable by Defendants Cuyahoga County and Pinkney and caused Plaintiffs' injuries.

61. Defendants Cuyahoga County and Pinkney were negligent in hiring, retaining, and supervising Defendants Hodges, Zimmermann, John Doe #1, John Doe #2, and John and Jane Does #3-12 which was the proximate cause of the severe and permanent injuries suffered by Plaintiffs.

62. Defendants Cuyahoga County and Pinkney had a duty to supervise Defendants Hodges, Zimmermann, John Doe #1, John Doe #2, and John and Jane Does #3-12.

63. Defendants Cuyahoga County and Pinkney had a duty to provide Plaintiffs and other juveniles housed in the CCJDC with a safe environment.

64. Defendants Cuyahoga County and Pinkney failed to keep supervise Defendants Hodges, Zimmermann, John Doe #1, John Doe #2, and John and Jane Does #3-12.

65. Defendants Cuyahoga County and Pinkney failed to keep Plaintiffs and other juveniles safe

66. Defendants Cuyahoga County and Pinkney failed to take corrective action against Defendants Hodges, Zimmermann, John Doe #1, John Doe #2, and John and Jane Does #3-12 who posed a threat of harm to Plaintiffs and other juveniles. Instead Cuyahoga County sat idly by and did nothing.

67. Political subdivision employees who engage in "acts or omissions with malicious purpose, in bad faith, or in a wanton or reckless manner" are not immune from suit in Ohio. Ohio Rev. Code § 2744.03(A)(6)(b).

68. Defendants Cuyahoga County's and Pinkney's conduct arose to a level beyond negligence.

69. Defendants Cuyahoga County and Pinkney acted in a reckless or wanton manner, in bad faith, and/or with malicious purpose in failing to supervise Defendants Hodges, Zimmermann, John Doe #1, John Doe #2, and John and Jane Does #3-12.

70. As a direct and proximate result of Defendants Cuyahoga County and Pinkney acting in a reckless or wanton manner, in bad faith, and/or with malicious purpose, Plaintiffs suffered severe and permanent physical, psychological, and emotional harm.

## XI. JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by jury.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that this Court:

A. Award Plaintiff compensatory damages in an amount to be shown at trial;

B. Award Plaintiff punitive damages (except against the County) in an amount to be shown at trial;

C. Award Plaintiff reasonable attorney's fees, costs, and disbursements under 42 U.S.C. §1988;

D. Pre- and post-judgment interest;

E. Grant Plaintiff such additional relief as the Court deems just and proper.

/s/ David B. Malik
David B. Malik (0023763)
Lead Counsel for the Plaintiff
Sara Gedeon (0085759)
Malik Law
8437 Mayfield Road, Suite #101
Chesterland, Ohio 44026
440-729-8260
440-490-1177
Dbm50@sbcglobal.net
sgedeon1021@gmail.com

/s/ Thomas Perotti
Thomas Perotti (0065788)
Perotti Law Offices LLC
The Falls Office Building
57 E Washington Street
Chagrin Falls, OH  44022
440-247-9000
440-247-9038
attorneyperotti@yahoo.com

13