IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAASHONE DUNLAP, ET AL., | ) | CASE NO. 1:17-CV-1926 |
| | ) | |
| Plaintiffs, | ) | JUDGE GWIN |
| | ) | |
| vs. | ) | **ANSWER AND CROSS-CLAIMS** |
| | ) | **OF DEFENDANTS CUYAHOGA** |
| CUYAHOGA COUNTY, ET AL., | ) | **COUNTY AND CUYAHOGA COUNTY** |
| | ) | **SHERIFF CLIFFORD PINKNEY** |
| Defendants. | ) | |
| | ) | **(Jury Demand Endorsed Hereon)** |

## **ANSWER**

For their Answer to the Amended Complaint [1] of Plaintiffs Dashone Dunlap; Sayequee Hale; Marcus Jackson; and M.D. (hereafter "Complaint"), Defendants Cuyahoga County and Cuyahoga County Sheriff Clifford Pinkney (hereafter "the County Defendants") state as follows:

1. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 1 of the Complaint.

---

[1] Although the pleading filed on September 13, 2017 was designated as an Amended Complaint, there does not appear to have been any prior pleading filed by the Plaintiffs, so that pleading is understood to be the Complaint.

2. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 2 of the Complaint.

3. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 3 of the Complaint.

4. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 4 of the Complaint.

5. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 5 of the Complaint.

6. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 6 of the Complaint.

7. The County Defendants admit that Cuyahoga County is a unit of local government organized under the laws of the State of Ohio and is a "person" under 42 U.S.C. § 1983. The County Defendants deny for want of knowledge or information the remaining allegations contained in paragraph 7 of the Complaint.

8. The County Defendants admit that Sheriff Clifford Pinkney is a "person" under 42 U.S.C. § 1983. The County Defendants deny for want of knowledge or information the remaining allegations contained in paragraph 8 of the Complaint.

9. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 9 of the Complaint.

10. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 10 of the Complaint.

11. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 11 of the Complaint.

12. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 12 of the Complaint.

13. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 13 of the Complaint.

14. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 14 of the Complaint.

15. The County Defendants admit the allegations contained in paragraph 15 of the Complaint.

16. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 16 of the Complaint.

17. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 17 of the Complaint.

18. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 18 of the Complaint.

19. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 19 of the Complaint.

20. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 20 of the Complaint.

21. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 21 of the Complaint.

22. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 22 of the Complaint.

23. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 23 of the Complaint.

24. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 24 of the Complaint.

25. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 25 of the Complaint.

26. The County Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 27 of the Complaint.

28. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 28 of the Complaint.

29. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 29 of the Complaint.

30. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 30 of the Complaint.

31. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 31 of the Complaint.

32. The County Defendants deny for want of knowledge or information the allegations contained in paragraph326 of the Complaint.

33. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 33 of the Complaint.

34. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 34 of the Complaint.

35. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 35 of the Complaint.

36. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 36 of the Complaint.

37. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 37 of the Complaint.

38. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 38 of the Complaint.

39. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 39 of the Complaint.

40. The County Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. The County Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 42 of the Complaint.

43. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 43 of the Complaint.

44. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 44 of the Complaint.

45. The County Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 46 of the Complaint.

47. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 47 of the Complaint.

48. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 48 of the Complaint.

49. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 49 of the Complaint.

50. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 50 of the Complaint.

51. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 51 of the Complaint.

52. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 52 of the Complaint.

53. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 53 of the Complaint.

54. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 54 of the Complaint.

55. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 55 of the Complaint.

56. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 56 of the Complaint.

57. The County Defendants admit that there is an employment relationship between Defendant Cuyahoga County and Defendant Pinkney. The County Defendants deny the remaining allegations contained in paragraph 57 of the Complaint.

58. The County Defendants deny for want of knowledge or information the allegations contained in paragraph 58 of the Complaint.

59. The County Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. The County Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. The County Defendants deny the allegations contained in paragraph 61 of the Complaint.

62. The County Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. The County Defendants deny the allegations contained in paragraph 63 of the Complaint.

64. The County Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. The County Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. The County Defendants deny the allegations contained in paragraph 66 of the Complaint.

67. The County Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. The County Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. The County Defendants deny the allegations contained in paragraph 69 of the Complaint.

70. The County Defendants deny the allegations contained in paragraph 70 of the Complaint.

## **AFFIRMATIVE DEFENSES**

71. The Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Defendant Cuyahoga County.

72. The Plaintiffs' Complaint fails to state a claim upon which relief can be granted against Defendant Cuyahoga County Sheriff Clifford Pinkney.

73. To the extent that the Plaintiffs may have sued Defendant Cuyahoga County Sheriff Clifford Pinkney in his individual or personal capacity, he is entitled to qualified immunity.

74. The Plaintiffs' state law claims against Defendant Cuyahoga County are subject to the immunities and/or defenses available to Ohio political subdivisions pursuant to Chapter 2744 of the Ohio Revised Code.

75. Any injuries claimed by the Plaintiffs were the unforeseen result of acts and/or omissions of third parties over whom Defendant Cuyahoga County had no right of control.

76. Any injuries claimed by the Plaintiffs were the unforeseen result of acts and/or omissions of third parties over whom Defendant Cuyahoga County Sheriff Clifford Pinkney had no right of control.

WHEREFORE, having fully answered the allegations in the Plaintiffs' Complaint, Defendants Cuyahoga County and Cuyahoga County Sheriff Clifford Pinkney respectfully pray that the Plaintiffs' Complaint be dismissed with prejudice at Plaintiffs' costs.

## **CROSS-CLAIM OF DEFENDANTS CUYAHOGA COUNTY AND SHERIFF PINKNEY FOR DECLARATORY JUDGMENT AGAINST DEFENDANT FREDDIE HODGES THAT THERE IS NO DUTY TO DEFEND OR INDEMNIFY**

77. The Cuyahoga County Defendants restate and incorporate by reference their previous admissions and denials as if fully rewritten herein.

78. At all relevant times, Defendant Freddie Hodges was not employed by the Defendant Cuyahoga County.

79. At all relevant times, Defendant Freddie Hodges was not employed by the Defendant Cuyahoga County Sheriff Clifford Pinkney.

80. The Cuyahoga County Defendants do not have any legal duty to defend Defendant Freddie Hodges in this case.

81. To the extent that Defendant Freddie Hodges acted both not in good faith and manifestly outside the scope of employment or official responsibilities, the Cuyahoga County Defendants do not have a legal duty to defend Defendant Freddie Hodges in this case.

82. To the extent that Defendant Freddie Hodges was not acting in good faith and within the scope of employment or official responsibilities, the Cuyahoga County Defendants do not have a legal duty to indemnify and hold him harmless for any judgment, including one for punitive or exemplary damages, which may be obtained against him.

WHEREFORE, Defendants Cuyahoga County and Cuyahoga County Sheriff Clifford Pinkney respectfully pray for a declaratory judgment against Defendant Freddie Hodges that they have no legal duty to defend or indemnify Defendant Freddie Hodges in this case.

## **CROSS-CLAIM OF DEFENDANTS CUYAHOGA COUNTY AND SHERIFF PINKNEY FOR DECLARATORY JUDGMENT AGAINST DEFENDANT JOSHUA ZIMMERMAN THAT THERE IS NO DUTY TO DEFEND OR INDEMNIFY**

83. The Cuyahoga County Defendants restate and incorporate by reference their previous admissions and denials as if fully rewritten herein.

84. At all relevant times, Defendant Joshua Zimmerman was not employed by the Defendant Cuyahoga County.

85. At all relevant times, Defendant Joshua Zimmerman was not employed by the Defendant Cuyahoga County Sheriff Clifford Pinkney.

86. The Cuyahoga County Defendants do not have any legal duty to defend Defendant Joshua Zimmerman in this case.

87. To the extent that Defendant Joshua Zimmerman acted both not in good faith and manifestly outside the scope of employment or official responsibilities, the Cuyahoga County Defendants do not have a legal duty to defend Defendant Joshua Zimmerman in this case.

88. To the extent that Defendant Joshua Zimmerman was not acting in good faith and within the scope of employment or official responsibilities, the Cuyahoga County Defendants do not have a legal duty to indemnify and hold him harmless for any judgment, including one for punitive or exemplary damages, which may be obtained against him.

WHEREFORE, Defendants Cuyahoga County and Cuyahoga County Sheriff Clifford Pinkney respectfully pray for a declaratory judgment against Defendant Joshua Zimmerman that they have no legal duty to defend or indemnify Defendant Joshua Zimmerman in this case.

Respectfully submitted,

MICHAEL C. O'MALLEY, Prosecuting Attorney
of Cuyahoga County

By: /s/ Charles E. Hannan
CHARLES E. HANNAN (0037153)
Assistant Prosecuting Attorney
The Justice Center, Courts Tower, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113
Tel: (216) 443-7758/Fax: (216) 443-7602
channan@prosecutor.cuyahogacounty.us

*Attorneys for Defendants Cuyahoga County and Cuyahoga County Sheriff Clifford Pinkney*

## JURY DEMAND

Defendants Cuyahoga County and Cuyahoga County Sheriff Clifford Pinkney hereby demand a jury trial on all triable issues in this action.

/s/ Charles E. Hannan
CHARLES E. HANNAN
Assistant Prosecuting Attorney

# CERTIFICATE OF SERVICE

I certify that on the  18th   day of December 2017, the foregoing Answer and Cross-Claims of Defendants Cuyahoga County and Cuyahoga County Sheriff Clifford Pinkney will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

I further certify a true and accurate copy of the foregoing Answer and Cross-Claims of Defendants Cuyahoga County and Cuyahoga County Sheriff Clifford Pinkney was served on the 18th   day of December 2017 by ordinary U.S. Mail, postage prepaid, upon:

Freddie Hodges
3998 Delmore Avenue
Cleveland, Ohio 44121

*Defendant*


Joshua Zimmerman
241 Brookfield Road
Avon Lake, Ohio 44012

*Defendant*


      /s/ Charles E. Hannan
      CHARLES E. HANNAN
      Assistant Prosecuting Attorney