IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAASHONE DUNLAP, ET AL., | ) | CASE NO. 1:17-CV-1926 |
| | ) | |
| Plaintiffs, | ) | JUDGE GWIN |
| | ) | |
| vs. | ) | **ANSWER OF DEFENDANTS** |
| | ) | **FREDDIE HODGES AND** |
| CUYAHOGA COUNTY, ET AL., | ) | **JOSHUA ZIMMERMAN IN THEIR** |
| | ) | **OFFICIAL CAPACITIES ONLY** |
| Defendants. | ) | |
| | ) | **(Jury Demand Endorsed Hereon)** |

## ANSWER

To the extent that Defendant Freddie Hodges and Defendant Joshua Zimmerman have each been sued specifically "in his Official Capacity [1] as [a] Detention Officer in the Cuyahoga County Juvenile Detention Center," they hereby Answer the Amended Complaint [2] of Plaintiffs Dashone Dunlap; Sayequee Hale; Marcus Jackson; and M.D. (hereafter "Complaint") and state as follows:

---

[1] An official capacity suit generally represents only another way of pleading an action against an entity of which the person was an agent. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). The real party in interest in an official-capacity suit is the governmental entity. *Id.*

[2] Although the pleading filed on September 13, 2017 was designated as an Amended Complaint, there does not appear to have been any prior pleading filed by the Plaintiffs, so that pleading is understood to be the Complaint.

1.      The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 1 of the Complaint.

2.      The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 2 of the Complaint.

3.      The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 3 of the Complaint.

4.      The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 4 of the Complaint.

5.      The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 5 of the Complaint.

6.      The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 6 of the Complaint.

7.      The entity that formerly employed Defendants Hodges and Zimmerman admits that Cuyahoga County is a unit of local government organized under the laws of the State of Ohio and is a "person" under 42 U.S.C. § 1983.  The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the remaining allegations contained in paragraph 7 of the Complaint.

8.      The entity that formerly employed Defendants Hodges and Zimmerman admits that Sheriff Clifford Pinkney is a "person" under 42 U.S.C. § 1983.  The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the remaining allegations contained in paragraph 8 of the Complaint.

9.     The entity that formerly employed Defendants Hodges and Zimmerman admits that Defendant Hodges was a Detention Officer.  The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the remaining allegations contained in paragraph 9 of the Complaint.

10.     The entity that formerly employed Defendants Hodges and Zimmerman admits that Defendant Zimmerman was a Detention Officer.  The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the remaining allegations contained in paragraph 10 of the Complaint.

11.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 11 of the Complaint.

12.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 12 of the Complaint.

13.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 13 of the Complaint.

14.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 14 of the Complaint.

15.     The entity that formerly employed Defendants Hodges and Zimmerman admits the allegations contained in paragraph 15 of the Complaint.

16.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 16 of the Complaint.

17.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 17 of the Complaint.

18.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 18 of the Complaint.

19.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 19 of the Complaint.

20.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 20 of the Complaint.

21.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 21 of the Complaint.

22.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 22 of the Complaint.

23.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 23 of the Complaint.

24.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 24 of the Complaint.

25.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 25 of the Complaint.

26.     The entity that formerly employed Defendants Hodges and Zimmerman denies the allegations contained in paragraph 26 of the Complaint.

27.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 27 of the Complaint.

28.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 28 of the Complaint.

29.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 29 of the Complaint.

30.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 30 of the Complaint.

31.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 31 of the Complaint.

32.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph326 of the Complaint.

33.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 33 of the Complaint.

34.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 34 of the Complaint.

35.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 35 of the Complaint.

36.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 36 of the Complaint.

37.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 37 of the Complaint.

38.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 38 of the Complaint.

39.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 39 of the Complaint.

40.     The entity that formerly employed Defendants Hodges and Zimmerman denies the allegations contained in paragraph 40 of the Complaint.

41.     The entity that formerly employed Defendants Hodges and Zimmerman denies the allegations contained in paragraph 41 of the Complaint.

42.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 42 of the Complaint.

43.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 43 of the Complaint.

44.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 44 of the Complaint.

45.     The entity that formerly employed Defendants Hodges and Zimmerman denies the allegations contained in paragraph 45 of the Complaint.

46.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 46 of the Complaint.

47.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 47 of the Complaint.

48.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 48 of the Complaint.

49.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 49 of the Complaint.

50.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 50 of the Complaint.

51.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 51 of the Complaint.

52.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 52 of the Complaint.

53.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 53 of the Complaint.

54.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 54 of the Complaint.

55.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 55 of the Complaint.

56.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 56 of the Complaint.

57.     The entity that formerly employed Defendants Hodges and Zimmerman admits that there is an employment relationship between Defendant Cuyahoga County and Defendant Pinkney. The entity that formerly employed Defendants Hodges and Zimmerman denies the remaining allegations contained in paragraph 57 of the Complaint.

58.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 58 of the Complaint.

59.     The entity that formerly employed Defendants Hodges and Zimmerman denies the allegations contained in paragraph 59 of the Complaint.

60.     The entity that formerly employed Defendants Hodges and Zimmerman denies the allegations contained in paragraph 60 of the Complaint.

61.     The entity that formerly employed Defendants Hodges and Zimmerman denies the allegations contained in paragraph 61 of the Complaint.

62.     The entity that formerly employed Defendants Hodges and Zimmerman denies the allegations contained in paragraph 62 of the Complaint.

63.     The entity that formerly employed Defendants Hodges and Zimmerman denies the allegations contained in paragraph 63 of the Complaint.

64.     The entity that formerly employed Defendants Hodges and Zimmerman denies the allegations contained in paragraph 64 of the Complaint.

65.     The entity that formerly employed Defendants Hodges and Zimmerman denies the allegations contained in paragraph 65 of the Complaint.

66.     The entity that formerly employed Defendants Hodges and Zimmerman denies the allegations contained in paragraph 66 of the Complaint.

67.     The entity that formerly employed Defendants Hodges and Zimmerman denies for want of knowledge or information the allegations contained in paragraph 67 of the Complaint.

68.     The entity that formerly employed Defendants Hodges and Zimmerman denies the allegations contained in paragraph 68 of the Complaint.

69.     The entity that formerly employed Defendants Hodges and Zimmerman denies the allegations contained in paragraph 69 of the Complaint.

70.     The entity that formerly employed Defendants Hodges and Zimmerman denies the allegations contained in paragraph 70 of the Complaint.

## AFFIRMATIVE DEFENSES

71.     The Plaintiffs' Complaint fails to state a claim upon which relief can be granted against the entity that formerly employed Defendants Hodges and Zimmerman.

72.     The Plaintiffs' state law claims against the entity that formerly employed Defendants Hodges and Zimmerman are subject to the immunities and/or defenses available to Ohio political subdivisions pursuant to Chapter 2744 of the Ohio Revised Code.

73.     The Plaintiffs' claims against the entity that formerly employed Defendants Hodges and Zimmerman are barred by the Eleventh Amendment to the United States Constitution.

74.     Any injuries claimed by the Plaintiffs were the unforeseen result of acts and/or omissions of third parties.

        WHEREFORE, having fully answered the allegations in the Plaintiffs' Complaint, the entity that formerly employed Defendants Hodges and Zimmerman respectfully pray that the Plaintiffs' Complaint be dismissed with prejudice at Plaintiffs' costs.

## CROSS-CLAIM FOR DECLARATORY JUDGMENT AGAINST DEFENDANT FREDDIE HODGES THAT THERE IS NO DUTY TO DEFEND OR INDEMNIFY

75.     The entity that formerly employed Defendants Hodges and Zimmerman restates and incorporates by reference its previous admissions and denials as if fully rewritten herein.

76.     The entity that formerly employed Defendants Hodges and Zimmerman does not have any legal duty to defend Defendant Freddie Hodges in this case.

77.     To the extent that Defendant Freddie Hodges acted both not in good faith and manifestly outside the scope of employment or official responsibilities, the entity that formerly employed Defendants Hodges and Zimmerman does not have a legal duty to defend Defendant Freddie Hodges in this case.

78.     To the extent that Defendant Freddie Hodges was not acting in good faith and within the scope of employment or official responsibilities, the entity that formerly employed Defendants Hodges and Zimmerman does not have a legal duty to indemnify and hold him harmless for any judgment, including one for punitive or exemplary damages, which may be obtained against him.

WHEREFORE, entity that formerly employed Defendants Hodges and Zimmerman respectfully prays for a declaratory judgment against Defendant Freddie Hodges that it has no legal duty to defend or indemnify Defendant Freddie Hodges in this case.

## CROSS-CLAIM FOR DECLARATORY JUDGMENT AGAINST DEFENDANT JOSHUA ZIMMERMAN THAT THERE IS NO DUTY TO DEFEND OR INDEMNIFY

79.     The entity that formerly employed Defendants Hodges and Zimmerman restates and incorporates by reference its previous admissions and denials as if fully rewritten herein.

80.     The entity that formerly employed Defendants Hodges and Zimmerman does not have any legal duty to defend Defendant Joshua Zimmerman in this case.

81.     To the extent that Defendant Joshua Zimmerman acted both not in good faith and manifestly outside the scope of employment or official responsibilities, the entity that formerly employed Defendants Hodges and Zimmerman does not have a legal duty to defend Defendant Joshua Zimmerman in this case.

82.     To the extent that Defendant Joshua Zimmerman was not acting in good faith and within the scope of employment or official responsibilities, the entity that formerly employed Defendants Hodges and Zimmerman does not have a legal duty to indemnify and hold him harmless for any judgment, including one for punitive or exemplary damages, which may be obtained against him.

WHEREFORE, entity that formerly employed Defendants Hodges and Zimmerman respectfully prays for a declaratory judgment against Defendant Joshua Zimmerman that it has no legal duty to defend or indemnify Defendant Freddie Hodges in this case.

Respectfully submitted,

MICHAEL C. O'MALLEY, Prosecuting Attorney
of Cuyahoga County

By:    /s/ Charles E. Hannan
CHARLES E. HANNAN (0037153)
Assistant Prosecuting Attorney
The Justice Center, Courts Tower, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113
Tel: (216) 443-7758/Fax: (216) 443-7602
channan@prosecutor.cuyahogacounty.us

*Attorneys for Defendants Freddie Hodges and
Joshua Zimmerman in their Official Capacities
Only*

## **JURY DEMAND**

The entity that formerly employed Defendants Freddie Hodges and Joshua Zimmerman hereby demands a jury trial on all triable issues in this action.

/s/ Charles E. Hannan
CHARLES E. HANNAN
Assistant Prosecuting Attorney

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the __18th__ day of December 2017, the foregoing Answer and Cross-Claims of Defendants Freddie Hodges and Joshua Zimmerman in their Official Capacities Only will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify a true and accurate copy of the foregoing Answer and Cross-Claims of Defendants Freddie Hodges and Joshua Zimmerman in their Official Capacities Only, was served on the __18th__ day of December 2017 by ordinary U.S. Mail, postage prepaid, upon:

Freddie Hodges
3998 Delmore Avenue
Cleveland, Ohio 44121

*Defendant*


Joshua Zimmerman
241 Brookfield Road
Avon Lake, Ohio 44012

*Defendant*




/s/ Charles E. Hannan
CHARLES E. HANNAN
Assistant Prosecuting Attorney