IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DASHONE DUNLAP, ET AL., | ) | CASE NO. 1:17-CV-1926 |
| | ) | |
| Plaintiffs, | ) | MAGISTRATE JUDGE RUIZ |
| | ) | |
| vs. | ) | |
| | ) | |
| ADMINISTRATIVE JUDGE OF | ) | **ANSWER AND CROSS-CLAIMS OF** |
| CUYAHOGA COUNTY COURT OF | ) | **DEFENDANT ADMINISTRATIVE** |
| COMMON PLEAS, JUVENILE | ) | **JUDGE OF CUYAHOGA COUNTY** |
| DIVISION, ET AL., | ) | **COURT OF COMMON PLEAS,** |
| | ) | **JUVENILE DIVISION** |
| | ) | |
| Defendants. | ) | **(Jury Demand Endorsed Hereon)** |

## **ANSWER**

For its Answer to the Second Amended Complaint of Plaintiffs Dashone Dunlap; Sayequee Hale; Marcus Jackson; and M.D. (hereafter "Second Amended Complaint"), Defendant Administrative Judge of Cuyahoga County Court of Common Pleas, Juvenile Division (hereafter "Defendant Juvenile Court"), states as follows:

1.   Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 1 of the Second Amended Complaint.

2.   Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 2 of the Second Amended Complaint.

3. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 3 of the Second Amended Complaint.

4. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 4 of the Second Amended Complaint.

5. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 5 of the Second Amended Complaint.

6. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 6 of the Second Amended Complaint.

7. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 7 of the Second Amended Complaint.

8. Defendant Juvenile Court admits that Defendant Hodges was employed as a Detention Officer. Defendant Juvenile Court denies for want of knowledge or information the remaining allegations contained in paragraph 8 of the Second Amended Complaint.

9. Defendant Juvenile Court admits that Defendant Zimmerman was employed as a Detention Officer. Defendant Juvenile Court denies for want of knowledge or information the remaining allegations contained in paragraph 9 of the Second Amended Complaint.

10. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 10 of the Second Amended Complaint.

11. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 11 of the Second Amended Complaint.

12. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 12 of the Second Amended Complaint.

13. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 13 of the Second Amended Complaint.

14. Defendant Juvenile Court admits the allegations contained in paragraph 14 of the Second Amended Complaint.

15. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 15 of the Second Amended Complaint.

16. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 16 of the Second Amended Complaint.

17. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 17 of the Second Amended Complaint.

18. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 18 of the Second Amended Complaint.

19. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 19 of the Second Amended Complaint.

20. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 20 of the Second Amended Complaint.

21. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 21 of the Second Amended Complaint.

22. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 22 of the Second Amended Complaint.

23. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 23 of the Second Amended Complaint.

24. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 24 of the Second Amended Complaint.

25. Defendant Juvenile Court denies the allegations contained in paragraph 25 of the Second Amended Complaint.

26. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 26 of the Second Amended Complaint.

27. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 27 of the Second Amended Complaint.

28. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 28 of the Second Amended Complaint.

29. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 29 of the Second Amended Complaint.

30. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 30 of the Second Amended Complaint.

31. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 31 of the Second Amended Complaint.

32. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 32 of the Second Amended Complaint.

33. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 33 of the Second Amended Complaint.

34. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 34 of the Second Amended Complaint.

35. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 35 of the Second Amended Complaint.

36. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 36 of the Second Amended Complaint.

37. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 37 of the Second Amended Complaint.

38. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 38 of the Second Amended Complaint.

39. Defendant Juvenile Court denies the allegations contained in paragraph 39 of the Second Amended Complaint.

40. Defendant Juvenile Court denies the allegations contained in paragraph 40 of the Second Amended Complaint.

41. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 41 of the Second Amended Complaint.

42. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 42 of the Second Amended Complaint.

43. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 43 of the Second Amended Complaint.

44. Defendant Juvenile Court denies the allegations contained in paragraph 44 of the Second Amended Complaint.

45. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 45 of the Second Amended Complaint.

46. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 46 of the Second Amended Complaint.

47. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 47 of the Second Amended Complaint.

48. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 48 of the Second Amended Complaint.

49. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 49 of the Second Amended Complaint.

50. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 50 of the Second Amended Complaint.

51. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 51 of the Second Amended Complaint.

52. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 52 of the Second Amended Complaint.

53. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 53 of the Second Amended Complaint.

54. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 54 of the Second Amended Complaint.

55. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 55 of the Second Amended Complaint.

56. Defendant Juvenile Court admits that the Cuyahoga County Juvenile Detention Center is under the direction and supervision of the Cuyahoga County Court of Common Pleas, Juvenile Division and its Administrative Judge. Defendant Juvenile Court denies the remaining allegations contained in paragraph 56 of the Second Amended Complaint.

57. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 57 of the Second Amended Complaint.

58. Defendant Juvenile Court denies the allegations contained in paragraph 58 of the Second Amended Complaint.

59. Defendant Juvenile Court denies the allegations contained in paragraph 59 of the Second Amended Complaint.

60. Defendant Juvenile Court denies the allegations contained in paragraph 60 of the Second Amended Complaint.

61. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 61 of the Second Amended Complaint.

62. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 62 of the Second Amended Complaint.

63. Defendant Juvenile Court denies the allegations contained in paragraph 63 of the Second Amended Complaint.

64. Defendant Juvenile Court denies the allegations contained in paragraph 64 of the Second Amended Complaint.

65. Defendant Juvenile Court denies the allegations contained in paragraph 65 of the Second Amended Complaint.

66. Defendant Juvenile Court denies for want of knowledge or information the allegations contained in paragraph 66 of the Second Amended Complaint.

67. Defendant Juvenile Court denies the allegations contained in paragraph 67 of the Second Amended Complaint.

68. Defendant Juvenile Court denies the allegations contained in paragraph 68 of the Second Amended Complaint.

69. Defendant Juvenile Court denies the allegations contained in paragraph 69 of the Second Amended Complaint.

**AFFIRMATIVE DEFENSES**

70. The Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted against Defendant Juvenile Court.

71. The Plaintiffs' claims against Defendant Juvenile Court are barred by the Eleventh Amendment to the United States Constitution.

72. The Plaintiffs' state law claims against Defendant Juvenile Court are subject to the immunities and/or defenses available to Ohio political subdivisions pursuant to Chapter 2744 of the Ohio Revised Code.

73. Any injuries claimed by the Plaintiffs were the unforeseeable result of acts and/or omissions of third parties over whom Defendant Juvenile Court had no right of control.

WHEREFORE, having fully answered the allegations in the Plaintiffs' Second Amended Complaint, Defendant Administrative Judge of Cuyahoga County Court of Common Pleas, Juvenile Division, respectfully pray that the Plaintiffs' Second Amended Complaint be dismissed with prejudice at Plaintiffs' costs.

# CROSS-CLAIM FOR DECLARATORY JUDGMENT AGAINST DEFENDANT FREDDIE HODGES THAT THERE IS NO DUTY TO DEFEND OR INDEMNIFY

74. Defendant Juvenile Court restates and incorporates by reference its previous admissions and denials as if fully rewritten herein.

75. If the allegations made by the Plaintiffs in the Second Amended Complaint about Defendant Freddie Hodges are true, then Defendant Freddie Hodges was not acting in good faith and was acing manifestly outside the scope of employment or official responsibilities.

76. To the extent that Defendant Freddie Hodges acted both not in good faith and manifestly outside the scope of employment or official responsibilities, Defendant Juvenile Court does not have a legal duty to defend Defendant Freddie Hodges in this case.

77. To the extent that Defendant Freddie Hodges was not acting in good faith and within the scope of employment or official responsibilities, Defendant Juvenile Court does not have a legal duty to indemnify and hold him harmless for any judgment, including one for punitive or exemplary damages, which may be obtained against him.

WHEREFORE, Defendant Administrative Judge of Cuyahoga County Court of Common Pleas, Juvenile Division, respectfully prays for a declaratory judgment against Defendant Freddie Hodges that it has no legal duty to defend or indemnify Defendant Freddie Hodges in this case.

## CROSS-CLAIM FOR DECLARATORY JUDGMENT AGAINST DEFENDANT JOSHUA ZIMMERMAN THAT THERE IS NO DUTY TO DEFEND OR INDEMNIFY

78. Defendant Juvenile Court restates and incorporates by reference its previous admissions and denials as if fully rewritten herein.

79. If the allegations made by the Plaintiffs in the Second Amended Complaint about Defendant Joshua Zimmerman are true, then Defendant Joshua Zimmerman was not acting in good faith and was acing manifestly outside the scope of employment or official responsibilities.

80. To the extent that Defendant Joshua Zimmerman acted both not in good faith and manifestly outside the scope of employment or official responsibilities, Defendant Juvenile Court does not have a legal duty to defend Defendant Joshua Zimmerman in this case.

82. To the extent that Defendant Joshua Zimmerman was not acting in good faith and within the scope of employment or official responsibilities, Defendant Juvenile Court does not have a legal duty to indemnify and hold him harmless for any judgment, including one for punitive or exemplary damages, which may be obtained against him.

WHEREFORE, Defendant Administrative Judge of Cuyahoga County Court of Common Pleas, Juvenile Division, respectfully prays for a declaratory judgment against Defendant Joshua Zimmerman that it has no legal duty to defend or indemnify Defendant Freddie Hodges in this case.

Respectfully submitted,

MICHAEL C. O'MALLEY, Prosecuting Attorney
of Cuyahoga County

By: /s/ Charles E. Hannan
CHARLES E. HANNAN (0037153)
Assistant Prosecuting Attorney
The Justice Center, Courts Tower, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113
Tel: (216) 443-7758/Fax: (216) 443-7602
channan@prosecutor.cuyahogacounty.us

*Attorneys for Defendant Administrative Judge of Cuyahoga County Court of Common pleas, Juvenile Division*

## JURY DEMAND

Defendant Administrative Judge of Cuyahoga County Court of Common Pleas, Juvenile Division, hereby demands a jury trial on all triable issues in this action.

/s/ Charles E. Hannan
CHARLES E. HANNAN
Assistant Prosecuting Attorney

# CERTIFICATE OF SERVICE

I certify that on the  26th  day of January 2018, the foregoing Answer and Cross-Claims of Defendant Administrative Judge of Cuyahoga County Court of Common Pleas, Juvenile Division will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify a true and accurate copy of the foregoing Answer and Cross-Claims of Defendant Administrative Judge of Cuyahoga County Court of Common Pleas, Juvenile Division was served on the  26th  day of January 2018 by ordinary U.S. Mail, postage prepaid, upon:

Freddie Hodges
3998 Delmore Avenue
Cleveland, Ohio 44121

*Defendant*

Joshua Zimmerman
241 Brookfield Road
Avon Lake, Ohio 44012

*Defendant*

                                         /s/ Charles E. Hannan
                                         CHARLES E. HANNAN
                                         Assistant Prosecuting Attorney