**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DASHONE DUNLAP, et al. | ) | CASE NO.: 1:17-cv-01926-DAR |
| | ) | |
| Plaintiffs, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE DAVID A. RUIZ |
| | ) | |
| CUYAHOGA COUNTY, et al. | ) | **SEPARATE ANSWER OF** |
| | ) | **DEFENDANT JOSHUA ZIMMERMAN,** |
| Defendants. | ) | **INDIVIDUALLY AND CROSS-CLAIM** |
| | ) | **OF DEFENDANT JOSHUA** |
| | ) | **ZIMMERMAN AGAINST** |
| | ) | **DEFENDANT FREDDIE HODGES** |

Now comes the Defendant, Joshua Zimmerman (hereinafter referred to as "Defendant Zimmerman"), and for his Answer to the Complaint of the Plaintiff entitled "Amended Complaint and Jury Demand Endorsed" and states:

1. Denies the allegations in paragraph 1.

2. Denies for want of knowledge the allegations contained in paragraph 2.

3. Denies for want of knowledge the allegations contained in paragraphs 3, 4, 5, 6, 7, 8, 9 of the Complaint.

4. Admits that Defendant Zimmerman was formerly employed as a Detention Officer at the Cuyahoga County Juvenile Detention Center, but denies each and every other allegation contained in paragraph 10 of the Complaint.

5. Denies for want of knowledge the allegations contained in paragraphs 11, 12, 13 and 14 of the Complaint.

6. Denies for want of knowledge the allegations contained in paragraphs 15 and 16 of the Complaint.

7. Denies, as relates to Defendant Zimmerman, the allegations contained in paragraphs 17, 18 and 19 of the Complaint.

8. Denies for want of knowledge the allegations contained in paragraph 20 of the Complaint.

9. Denies the allegations contained in paragraphs 21, 22, 23, 24, 25, 26 of the Complaint.

10. Denies for want of knowledge the allegations contained in paragraph 27.

11. Denies for want of knowledge the allegations contained in paragraphs 28, 29 and 30 of the Complaint.

12. Denies the allegations contained in paragraphs 31, 32, 33, 34, and 35 of the Complaint.

13. Denies for want of knowledge the allegations contained in paragraph 36 of the Complaint.

14. Denies the allegations contained in paragraphs 37 and 38 of the Complaint.

15. Denies for want of knowledge the allegations contained in paragraph 39 of the Complaint.

16. Denies the allegations contained in paragraph 40 of the Complaint.

17. Denies the allegations contained in paragraphs 41, 42, 43, 44, 45 and 46 of the Complaint.

18. Denies the allegations contained in paragraphs 47 and 48 of the Complaint.

19. Denies the allegations contained in paragraphs 49 and 50 of the Complaint.

20. Denies the allegations contained in paragraphs 51, 52, 53, 54, 55 and 56 of the Complaint.

21. Admits that an employment relationship existed between Defendant Cuyahoga County and Defendant Zimmerman, but denies and every other allegation contained in paragraph 57 of the Complaint.

22. Denies, as relates to Defendant Zimmerman, the allegations contained in paragraph 58 of the Complaint.

23. Denies, as relates to Defendant Zimmerman, for want of knowledge the allegations contained in paragraph 59 of the Complaint.

24. Denies, as relates to Defendant Zimmerman, the allegations contained in paragraphs 60 and 61 of the Complaint.

25. Admits that Defendant Cuyahoga County had a duty to supervise Defendant Zimmerman, but denies each and every other allegation contained in paragraphs 62 of the Complaint.

26. Denies, for want of knowledge, the allegations contained in paragraph 63 of the Complaint.

27. Denies, as relates to Defendant Zimmerman, the allegations contained in paragraph 64 of the Complaint.

28. Denies, as relates to Defendant Zimmerman, the allegations contained in paragraph 65 of the Complaint.

29. Denies, as relates to Defendant Zimmerman, the allegations contained in paragraphs 66, 67, 68, 69 and 70 of the Complaint.

**AFFIRMATIVE DEFENSES**

30. The Complaint of the Plaintiffs' fail to state a cause of action for which relief may be granted against Defendant Joshua Zimmerman.

31. That, as relates to Defendant Joshua Zimmerman, Defendant is subject to the immunities and defenses available to Ohio political subdivisions pursuant to Chapter 2744 of the Ohio Revised Code.

32. The Plaintiffs' Complaint, as relates to Defendant Joshua Zimmerman, is barred by the Eleventh Amendment of the United States Constitution.

33. That any injuries claimed by the Plaintiffs were the unforeseen result of the acts and/or omissions of third-parties.

**WHEREFORE,** having fully answered to the allegations of the Plaintiffs', Defendant Joshua Zimmerman respectfully demands that the Complaint of the Defendant be dismissed, with prejudice, at Plaintiffs' costs.

## CROSS-CLAIM OF DEFENDANT JOSHUA ZIMMERMAN AGAINST DEFENDANT FREDDIE HODGES

34. Defendant Joshua Zimmerman incorporates all admissions and denials as set forth in his Answer as if fully rewritten and contained herein.

35. That at all times stated herein, Defendant Freddie Hodges was a detention officer employed by CCJDC and had corrective and supervisory duties over the subject Plaintiffs at all times stated in the Plaintiffs' Complaint.

36. Any and all violations of the Civil Rights Act of 1871 and 28 U.S.C. §1331, 1343(3) and (4) which may have caused injury or deprivation of rights to the Plaintiffs herein as alleged in the separate paragraphs of the separate counts of the Complaint of the Plaintiffs were the result of the actions or failure to act in preservation of said rights by Defendant Freddie Hodges.

37. That Defendant Freddie Hodges failed to protect the Plaintiffs as relates to the deprivation of rights and/or injuries suffered by said Plaintiffs as alleged by the Plaintiffs' in their Complaint.

38. That to the extent that Defendant Freddie Hodges acted both not in good faith and manifestly outside the scope of his employment or official responsibilities as an employee of CCJDC.

39. That Defendant Freddie Hodges is solely responsible for any and all, if any, injuries or deprivation of rights suffered by Plaintiffs herein.

**WHEREFORE,** Defendant Zimmerman demands judgment against Defendant Freddie Hodges for any and all injuries or deprivation of rights, if any, suffered by the Plaintiffs and any damages thereby sustained, together

with an award of reasonable attorney's fees and costs herein.

Respectfully submitted,

/s/ David S. Riehl
DAVID S. RIEHL (0016694)
50 Pearl Road
Suite 216
Brunswick, OH 44212
Phone: (330) 558-8888
Fax: (888) 418-7858
Email: dsr@davidriehl.com

*Attorney for Defendant*
*Joshua Zimmerman*

## CERTIFICATE OF SERVICE

I certify that on the 5th day of March, 2018, the foregoing Separate Answer of Defendant Joshua

Zimmerman and Cross-Claim of Defendant Joshua Zimmerman against Defendant Freddie Hodges was served on

all parties by the Court's electronic filing system. Parties may access this filing through the Court's system.

I further certify that a true and accurate copy of the foregoing Separate Answer of Defendant Joshua

Zimmerman and Cross-Claim of Defendant Joshua Zimmerman against Defendant Freddie Hodges was mailed via

ordinary U.S. Mail this 5th day of March 2018 to:

Freddie Hodges
3998 Delmore Avenue
Cleveland, OH 44121
*Defendant*

And to Defendant at: Freddie Hodges
1197 N. Lockwood Avenue
Cleveland, OH 44112
*Defendant*

/s/ David S. Riehl
DAVID S. RIEHL (0016694)
50 Pearl Road
Suite 216
Brunswick, OH 44212
Phone: (330) 558-8888
Fax: (888) 418-7858
Email: dsr@davidriehl.com

*Attorney for Defendant*
*Joshua Zimmerman*